**FILED**

APR 0 3 2008 NF
Apr 3, 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| DIANE RUDNICK, individually and as Special Administrator of the Estate of BRIAN RUDNICK, Deceased,<br><br>     Plaintiff,<br><br>   v.<br><br>PRAIRIE MATERIAL SALES, INCORPORATED A corporation; SOUTHFIELD CORPORATION, a Corporation; SOUTHFIELD CORPORATION, a Corporation formerly known as PRAIRIE MATERIAL SALES, INC., and NABIL LOUDANI,<br><br>     Defendants. | **NOTICE OF REMOVAL**<br><br>Civil Action No. _____<br><br>08CV1921<br>JUDGE PALLMEYER<br>MAGISTRATE JUDGE NOLAN |

TO: The United States District Court
   For the Northern District of Illinois

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants, PRAIRIE MATERIAL SALES, INC., an Illinois

Corporation, SOUTHFIELD CORPORATION, an Illinois Corporation (incorrectly sued as,

SOUTHFIELD CORPORATION, a Corporation; SOUTHFIELD CORPORATION, a Corporation

formerly known as PRAIRIE MATERIAL SALES, INC.); and NABIL LOUDANI, by and through

their undersigned counsel, hereby remove this action pursuant to 28 U.S.C. §1441, *et seq.* and 28

U.S.C. 1332(a)(1), from the Circuit Court of Cook County, Illinois to the United States District Court

for the Northern District, Eastern Division, of Illinois. As grounds for removal, Defendants state the

following:

## THE REMOVED CASE

1. Plaintiff, DIANE RUDNICK, individually and as Special Administrator of the Estate

of BRIAN RUDNICK, Deceased, commenced an action against the Defendants in the Circuit Court

of Cook County, Illinois, styled as, *DIANE RUDNICK, individually and as Special Administrator of*

*the Estate of BRIAN RUDNICK, Deceased v. PRAIRIE MATERIAL SALES, Incorporated, a Corporation, SOUTHFIELD CORPORATION, a Corporation, SOUTHFIELD CORPORATION, a Corporation formerly known as PRAIRIE MATERIAL SALES, INC. and NABIL LOUDANI,* Case No. 08 L 001341. Copies of all process, pleadings and orders received by Defendants are attached as Exhibit A.

2.      The Plaintiff, DIANE RUDNICK, as Special Administrator of the Estate of BRIAN RUDNICK, is seeking compensatory damages and financial losses for alleged severe and permanent injuries resulting in the death of Plaintiff's Decedent on January 18, 2008, that were proximately caused by a collision between the vehicle the Defendant, NABIL LOUDANI, was driving in the roadway on Michigan Avenue at or near 14th Street in Chicago, Illinois. Plaintiff alleges that NABIL LOUDANI was an agent, servant and/or employee of the Defendants, PRAIRIE MATERIAL SALES, INC. and SOUTHFIELD CORPORATION. Plaintiff, DIANE RUDNICK, is also seeking compensatory damages for loss of consortium.

## REMOVAL IS TIMELY

3.      Plaintiff served all Defendants.   PRAIRIE MATERIAL SALES, INC. and SOUTHFIELD CORPORATION were served via its registered agent in Illinois on March 5, 2008. NABIL LOUDANI was personally served on March 30, 2008.

4.      Defendants file this Notice of Removal within 30 days of service of the Complaint upon it. Therefore, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

## DIVERSITY OF CITIZENSHIP EXISTS

5.      This court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) because there is total diversity between the Plaintiff and the Defendants.

6.      Upon information and belief, Plaintiff, DIANE RUDNICK is currently, and was at the time of the filing of the Complaint, a citizen of the State of Indiana.

7.      Defendants are not citizens of the State of Indiana. PRAIRIE MATERIAL SALES,

2

INC. and SOUTHFIELD CORPORATION are currently and were at the time of the filing of the Complaint, corporations organized and existing under Illinois law, and their principal place of business are in Illinois. NABIL LOUDANI is currently and was at the time of the filing of the Complaint, a citizen of the State of Illinois.

8.      Thus for purposes of diversity jurisdiction under 28 U.S.C.§1332(a)(1), Defendants are citizens of the State of Illinois.

### THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

9.      In compliance with the rules of civil procedure in the State of Illinois, 735 ILCS 5/2-604, the Complaint does not contain an allegation for damages in any specific monetary amount, except for a certification under a local rule that the damages are in excess of the minimum rules of the Circuit Court of Cook County, plus costs of the said suit. Nevertheless, it is facially apparent based upon the allegations asserted in the Complaint that the damages sought, exclusive of interest and costs, are in excess of $75,000, thereby satisfying the jurisdictional amount required for this Court under 28 U.S.C. §1332(a)(1).

10.      The jurisdictional amount under 28 U.S.C.§1332(a)(1) is satisfied because the substance and nature of the injuries alleged in the Complaint make it clear that the amount in controversy, exclusive of interest and costs, is in excess of $75,000. *See Rubel v. Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004). In *Rubel*, the Seventh Circuit stated that when the amount in controversy is not specifically alleged in the complaint, removal is proper if the defendant's estimate of the amount in controversy is plausible and that estimate exceeds the requirement for diversity jurisdiction. *Id.*

11.      Plaintiff, DIANE RUDNICK, as Special Administrator of the Estate of BRIAN RUDNICK, has alleged that Plaintiff's Decedent sustained severe personal injuries which resulted in his death on January 18, 2008. In addition, the Complaint also indicates that the Plaintiff's Decedent left surviving his wife, son and an unborn son, who have suffered injuries in their means of support,

3

which will continue to endure suffering into the future. Plaintiff further alleges damages resulting from loss of consortium. Therefore, the Complaint seeks damages in excess of the jurisdictional amount. Based upon the alleged injuries sustained, death of Plaintiff's Decedent and financial losses to date and contemplated in the future, it is apparent that Plaintiff's damages exceed $75,000.

12.    Accordingly, the Court has original jurisdiction over this action pursuant to 28 U.S.C.§1332(a)(1) and this action is removable to this Court pursuant to 28 U.S.C. §1441(a).

## FILING OF REMOVAL PAPERS

13.    Pursuant to 28 U.S.C.§1446 copies of all process, pleadings and orders received by Defendants are attached as Exhibit A.

14.    Pursuant to 28 U.S.C. §1446(d), Defendants will file a true and correct copy of the Notice of Removal upon all parties or their counsel and with the Clerk of the Circuit Court of Cook County, Illinois.

15.    Defendants expressly reserve all rights and defenses relating to Plaintiff's claims.

WHEREFORE, pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441, Defendants, PRAIRIE MATERIAL SALES, Inc., an Illinois Corporation, SOUTHFIELD CORPORATION, an Illinois Corporation and NABIL LOUDANI, request that this matter be removed to this Court for all purposes.

Dated:  April 3, 2008                                   Respectfully submitted,

                                                    By: _____
                                                    One of the Attorneys for Defendants

Tia C. Ghattas (ARDC Attorney No. 6269818)
Kristin S. Yoo, (ARDC Attorney No. 6279521)
COZEN O'CONNOR
222 S. Riverside Plaza, Suite 1500
Chicago, Illinois  60606
(312) 382-3100
CHICAGO\598174\1  219883.000

4

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| **SUMMONS** | **ALIAS - SUMMONS** |

(Rev. 8/9/96) CCG-0001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, _____LAW_____ DIVISION

(Name all parties)

DIANE RUDNICK, Individually and as
Special Administrator of the Estate of
BRIAN RUDNICK, Deceased,

v.  Plaintiff(s),

PRAIRIE MATERIAL SALES,
INCORPORATED, a Corporation,
SOUTHFIELD CORPORATION, a
Corporation, SOUTHFIELD
CORPORATION, a Corporation formerly
known as PRAIRIE MATERIAL SALES,
INC. and NABIL LOUDANI,

**SUMMONS**

Defendant(s)

No.

COPY

SEE REVERSE

**To each defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court (located in the Richard J. Daley Center, Room*            , Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service.        801

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

**To the officer:**

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

FEB 0 6 2008

WITNESS, .................................... , 19 ....

.....................................................

| | |
|---|---|
| Name | ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD. |
| Attorney for | Plaintiff(s) |
| Address | 161 North Clark Street - 21st Floor |
| City/Zip | Chicago, IL 60601 |
| Telephone | 312/372-3822 |
| Atty. No. | 35244 |

Date of service: ........................., 19....
(To be inserted by officer on copy left with defendant or other person)

**Service by Facsimile Transmission will be accepted at: _____**

(Area Code) (Facsimile Telephone Number)

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

* Law Division  Room 801
  Chancery Division  Room 802
  County Division  Room 1202
  Probate Division  Room 1202



EXHIBIT

A

**PLEASE SERVE THE FOLLOWING:**

PRAIRIE MATERIAL SALES, INCORPORATED
a Corporation
Dorothy A. Oremus, Reg. Agent
Or Serve Any Officer and/or Partner/Agent of the Company
7601 West 79th Street
Bridgeview, IL 60455

SOUTHFIELD CORPORATION
a Corporation
Dorothy A. Oremus, Reg. Agent
Or Serve Any Officer and/or Partner/Agent of the Company
7601 West 79th Street
Bridgeview, IL 60455

SOUTHFIELD CORPORATION
a Corporation
formerly known as PRAIRIE MATERIAL SALES, INC
Dorothy A. Oremus, Reg. Agent
Or Serve Any Officer and/or Partner/Agent of the Company
7601 West 79th Street
Bridgeview, IL 60455

NABIL LOUDANI
5117 North East River Road
Chicago, IL 60656

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| **SUMMONS** | **ALIAS - SUMMONS** |

**(Rev. 8/9/96) CCG-0001**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____LAW_____ DIVISION

**(Name all parties)**

DIANE RUDNICK, Individually and as
Special Administrator of the Estate of
BRIAN RUDNICK, Deceased,

             **v.**    Plaintiff(s),

PRAIRIE MATERIAL SALES,
INCORPORATED, a Corporation,
SOUTHFIELD CORPORATION, a
Corporation, SOUTHFIELD
CORPORATION, a Corporation formerly
known as PRAIRIE MATERIAL SALES,
INC. and NABIL LOUDANI,

                Defendant(s)

COPY

No.

SEE REVERSE

**SUMMONS**

**To each defendant:**

    **YOU ARE SUMMONED** and required to file an answer to the complaint in this case, a copy of which is
hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court
(located in the Richard J. Daley Center, Room*         , Chicago, Illinois 60602) within 30 days after service
of this summons, not counting the day of service.    801
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF
ASKED IN THE COMPLAINT.**

**To the officer:**

    This summons must be returned by the officer or other person to whom it was given for service, with
endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be
returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS, ............................................................., 19 ....

DOROTHY BROWN FEB 06 2008

......................................................................
Clerk of Court

(SEAL)

| | |
|---|---|
| **Name**   ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD. | |
| **Attorney for**   Plaintiff(s) | Date of service: ................................,19 .... |
| **Address**   161 North Clark Street - 21st Floor | (To be inserted by officer on copy left with |
| **City/Zip**   Chicago, IL 60601 | defendant or other person) |
| **Telephone**   312/372-3822 | |
| **Atty. No.**   35244 | |

**\*\*Service by Facsimile Transmission will be accepted at:** _____

                                           (Area Code) (Facsimile Telephone Number)

### CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

\* **Law Division Room 801**
  **Chancery Division Room 802**
  **County Division Room 1202**
  **Probate Division Room 1202**

14693/DVO/TCN/rf        Attorney ID#35244
1-31-08

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

DIANE RUDNICK, Individually and as        )
Special Administrator of the Estate of       )
BRIAN RUDNICK, Deceased,                  )
                                          )
                        Plaintiff(s),     )        *Case No.*
                                          )
v.                                        )
                                          )
PRAIRIE MATERIAL SALES,                   )
INCORPORATED, a Corporation;              )
SOUTHFIELD CORPORATION, a                 )
Corporation; SOUTHFIELD                   )
CORPORATION, a Corporation formerly       )
known as PRAIRIE MATERIAL SALES,          )
INC. and NABIL LOUDANI,                   )
                                          )
                        Defendant(s).     )

## COMPLAINT AT LAW

## COUNT I

Now comes the Plaintiff, DIANE RUDNICK, as Special Administrator of the Estate of

BRIAN RUDNICK, Deceased, by her attorneys, ANESI, OZMON, RODIN, NOVAK &

KOHEN, LTD., and complaining of the Defendants, NABIL LOUDANI and PRAIRIE

MATERIAL SALES, INCORPORATED, a Corporation; SOUTHFIELD CORPORATION, a

Corporation; SOUTHFIELD CORPORATION, a Corporation formerly known as PRAIRIE

MATERIAL SALES, INC., and each of them, alleges as follows:

1.    That on January 18, 2008, Plaintiff's Decedent was a pedestrian in the roadway on Michigan Avenue at or near 14th Street, in the City of Chicago, County of Cook, and State of Illinois.

2.    That on the aforesaid date, the Defendant, NABIL LOUDANI, was operating a motor vehicle and turning left out of a job site onto Michigan Avenue to go northbound onto Michigan Avenue, in the capacity of agent, servant and/or employee of the Defendants, PRAIRIE MATERIAL SALES, INCORPORATED, a Corporation; SOUTHFIELD CORPORATION, a Corporation; SOUTHFIELD CORPORATION, a Corporation formerly known as PRAIRIE MATERIAL SALES, INC., and each of them, in the aforesaid City, County and State.

3.    That at said time and place, a collision occurred between the vehicle the Defendant, NABIL LOUDANI, was operating and the person of the Plaintiff's Decedent.

4.    That the Defendants, and each of them, were then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    (a)    Failed to yield the right-of-way to a pedestrian crossing the roadway within a crosswalk, in violation of 625 ILCS 5/11-1003.

    (b)    Drove said vehicle at a speed which was greater than reasonable and proper, in violation of 625 ILCS 5/11-601

    (c)    Drove said vehicle without brakes adequate to control its movement, and to stop and hold it, in violation of 625 ILCS 5/11-301.

    (d)    Failed to sound the horn on said vehicle so as to give warning to a pedestrian, in violation of 625 ILCS 5/11-1003.

    (e)    Failed to avoid colliding with a pedestrian, in violation of 625 ILCS 5/11-1003.

(f) Failed to stop said vehicle in time to avoid said collision, although Defendant saw, or should have seen, that it was impending and had ample time and opportunity to avoid it.

(g) Cut his turn too short thereby running over the person of the Plaintiff's Decedent.

5. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendants, and each of them, the Plaintiff's Decedent sustained severe and permanent injuries resulting in his death on January 18, 2008.

6. That on January 18, 2008, and for some time prior thereto, there was in full force and effect in the state of Illinois a certain Act, commonly known as the Wrongful Death Act, 740 ILCS 180/1-2, inclusive, which provided in pertinent part as follows:

> Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured and although the death shall have been caused under such circumstances as amount in law to felon. (740 ILCS 180/1)

> Every such action shall be brought by and in the names of the personal representatives of such deceased person, and, except as otherwise hereinafter provided, the amount recovered in every such action shall be for the exclusive benefit of the surviving spouse and next of kin of such deceased person and in every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death, to the surviving spouse and next of kin of such deceased person. (740 ILCS 180/2)

7. That on February 6, 2008, pursuant to Order of the Circuit Court of Cook County, Illinois, DIANE RUDNICK was duly appointed Special Administrator of the Estate of BRIAN RUDNICK, Deceased, for the purpose of prosecuting this action.

8. That BRIAN RUDNICK left surviving, the following: DIANE RUDNICK, his Wife; JACKSON RUDNICK, his Son and UNBORN BABY RUDNICK, being born posthumously in the year 2008, who were dependent upon BRIAN RUDNICK, Deceased, for their support, and as a consequence of the careless and negligent acts and/or omissions of the Defendants, and each of them, suffered injuries in their means of support.

9. That on and prior to January 18, 2008, DIANE RUDNICK was the lawfully wedded wife of BRIAN RUDNICK.

10. That BRIAN RUDNICK, Deceased, left surviving, DIANE RUDNICK, who, as a consequence of the careless and negligent acts and/or omissions of the Defendants, and each of them, suffered pecuniary injuries including but not limited to society, companionship and conjugal relationship and all other elements of loss of consortium.

11. That BRIAN RUDNICK, Deceased, left surviving, the following: JACKSON RUDNICK, his Son and UNBORN BABY RUDNICK, being born posthumously in the year 2008, who as a consequence of said careless and negligent acts and/or omissions of the Defendants, and each of them, suffered pecuniary injuries including but not limited to society, companionship, felicity, guidance, attention, advice, training, instruction and any and all other elements of loss of consortium.

WHEREFORE, the Plaintiff, DIANE RUDNICK, as Special Administrator of the Estate of BRIAN RUDNICK, Deceased, demands judgment against the Defendants, NABIL LOUDANI and PRAIRIE MATERIAL SALES, INCORPORATED, a Corporation; SOUTHFIELD CORPORATION, a Corporation; SOUTHFIELD CORPORATION, a Corporation formerly known as PRAIRIE MATERIAL SALES, INC., and each of them, in a dollar amount to satisfy

the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper; and additionally, costs of said suit.


## COUNT II

Now comes the Plaintiff, DIANE RUDNICK, as Special Administrator of the Estate of BRIAN RUDNICK, Deceased, by her attorneys, ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., and complaining of the Defendants, NABIL LOUDANI and PRAIRIE MATERIAL SALES, INCORPORATED, a Corporation; SOUTHFIELD CORPORATION, a Corporation; SOUTHFIELD CORPORATION, a Corporation formerly known as PRAIRIE MATERIAL SALES, INC., and each of them, alleges as follows:

1-4.   Plaintiff repeats and realleges, and incorporates by reference, Paragraphs One (1) through Four (4) of Count I as Paragraphs One (1) through Four (4) of Count II, as if fully set forth herein.

5      That as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the Defendants, and each of them, BRIAN RUDNICK, Deceased, then and there sustained severe and permanent injuries, both externally and internally, resulting in conscious pain and suffering, both in mind and body, and was hindered and prevented from attending to his usual duties and affairs and lost the value of that time as aforementioned. BRIAN RUDNICK, Deceased, further expended and became liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries. All of the foregoing damages continued until the demise of BRIAN RUDNICK, on January 18, 2008.

5

6.     That on February 6, 2008, pursuant to Order of the Circuit Court of Cook County, Illinois, DIANE RUDNICK was duly appointed Special Administrator of the Estate of BRIAN RUDNICK, Deceased, for the purpose of prosecuting this action.

WHEREFORE, the Plaintiff, DIANE RUDNICK, as Special Administrator of the Estate of BRIAN RUDNICK, Deceased, demands judgment against the Defendants, NABIL LOUDANI and PRAIRIE MATERIAL SALES, INCORPORATED, a Corporation; SOUTHFIELD CORPORATION, a Corporation; SOUTHFIELD CORPORATION, a Corporation formerly known as PRAIRIE MATERIAL SALES, INC., and each of them, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

## COUNT III

Now comes the Plaintiff, DIANE RUDNICK, by her attorneys, ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., and complaining of the Defendants, NABIL LOUDANI and PRAIRIE MATERIAL SALES, INCORPORATED, a Corporation; SOUTHFIELD CORPORATION, a Corporation; SOUTHFIELD CORPORATION, a Corporation formerly known as PRAIRIE MATERIAL SALES, INC., and each of them, alleges as follows:

1     That on and prior to January 18, 2008, DIANE RUDNICK was the lawfully wedded wife of BRIAN RUDNICK.

2-6     Plaintiff repeats and realleges, and incorporates by reference, Paragraphs One (1) through Five (5) of Count 1 as Paragraphs Two (2) through Six (6) of Count III, as if fully set forth herein.

6

7    That as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff's husband then and there sustained severe and permanent injuries, both externally and internally, and was, and will be, hindered and prevented from attending to his usual duties and affairs.

8.    That as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff has been deprived, and is reasonably certain to be deprived in the future, of the society, companionship and conjugal relationship with her husband.

WHEREFORE, the Plaintiff, DIANE RUDNICK, demands judgment against the Defendants, NABIL LOUDANI and PRAIRIE MATERIAL SALES, INCORPORATED, a Corporation; SOUTHFIELD CORPORATION, a Corporation; SOUTHFIELD CORPORATION, a Corporation formerly known as PRAIRIE MATERIAL SALES, INC., and each of them, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

_____
Attorneys for Plaintiff(s)


Daniel V. O'Connor
Telly C. Nakos
**ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD.**
161 North Clark Street - 21st Floor
Chicago, IL  60601
312/372-3822

7

14693/DVO/TCN/tf        Attorney ID#35244
1-31-08

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| DIANE RUDNICK, etc, | ) | |
| Plaintiff(s), | ) | |
| v. | ) | |
| | ) | |
| PRAIRIE MATERIAL SALES, | ) | *Case No* |
| INCORPORATED, a Corporation, et al, | ) | |
| Defendant(s). | ) | |

### AFFIDAVIT

I, Daniel V. O'Connor, being first duly sworn on oath, deposes and states that if I were called upon to testify, I would do so as follows:

1        That I am an attorney at law licensed to practice in the State of Illinois.

2.        That I am a Partner with the law firm of ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., attorneys of record for the Plaintiff, Diane Rudnick.

3.        That based upon the information available to me at the present time, the total amount of money damages sought in this matter exceeds $50,000.00.

4.        That this Affidavit is submitted in compliance with Supreme Court Rule 222(b).

FURTHER, Affiant sayeth not.

_____
Daniel V. O'Connor

SUBSCRIBED AND SWORN TO
before me this _____ day
of _____ 2008.

_____
Notary Public

"OFFICIAL SEAL"
ROSEMARY ANN FLYNN
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 10/3/2009

| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

(Rev. 8/9/96) CCG-0001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, _____LAW_____ DIVISION

(Name all parties)

DIANE RUDNICK, Individually and as
Special Administrator of the Estate of
BRIAN RUDNICK, Deceased,

Plaintiff(s),

V.

PRAIRIE MATERIAL SALES, INCORPORATED, A
Corporation, SOUTHFIELD CORPORATION, a
Corporation, SOUTHFIELD CORPORATION, a
Corporation formerly known as PRAIRIE
MATERIAL SALES, INC., And NABIL LOUDANI

Defendant(s).

No. 08 L 1341

PLEASE SERVE:

Nabill Loudani
5117 N. East River Road
Chicago, IL 60656

ALIAS SUMMONS

**To each defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court (located in the Richard J. Daley Center, Room* 801 , Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

**To the officer:**

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS,........................................................, 19 ....

........................................................................
Clerk of Court

Name Anesi, Ozmon, Rodin, Novak & Kohen, Ltd.
Attorney for Plaintiff
Address 161 N. Clark Street, Suite 2100
City/Zip Chicago, IL 60601
Telephone (312) 372-3822
Atty. No. 35244
**Service by Facsimile Transmission will be accepted at: _____

Date of service:........................,19....
(To be inserted by officer on copy left with defendant or other person)

(Area Code) (Facsimile Telephone Number)

### CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

*Law Division Room 801
Chancery Division Room 802
County Division Room 1202
Probate Division Room 1202

14693/DVO/TCN/rf        Attorney ID#35244
1-31-08

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

DIANE RUDNICK, Individually and as         )
Special Administrator of the Estate of     )
BRIAN RUDNICK, Deceased,                    )
                                            )
                        Plaintiff(s),       )       Case No.
                                            )
v.                                          )
                                            )
PRAIRIE MATERIAL SALES,                     )
INCORPORATED, a Corporation;                )
SOUTHFIELD CORPORATION, a                   )
Corporation; SOUTHFIELD                     )
CORPORATION, a Corporation formerly         )
known as PRAIRIE MATERIAL SALES,            )
INC. and NABIL LOUDANI,                     )
                                            )
                        Defendant(s).       )

## COMPLAINT AT LAW

### COUNT I

Now comes the Plaintiff, DIANE RUDNICK, as Special Administrator of the Estate of

BRIAN RUDNICK, Deceased, by her attorneys, ANESI, OZMON, RODIN, NOVAK &

KOHEN, LTD., and complaining of the Defendants, NABIL LOUDANI and PRAIRIE

MATERIAL SALES, INCORPORATED, a Corporation; SOUTHFIELD CORPORATION, a

Corporation; SOUTHFIELD CORPORATION, a Corporation formerly known as PRAIRIE

MATERIAL SALES, INC., and each of them, alleges as follows:

1.    That on January 18, 2008, Plaintiff's Decedent was a pedestrian in the roadway on Michigan Avenue at or near 14th Street, in the City of Chicago, County of Cook, and State of Illinois.

2.    That on the aforesaid date, the Defendant, NABIL LOUDANI, was operating a motor vehicle and turning left out of a job site onto Michigan Avenue to go northbound onto Michigan Avenue, in the capacity of agent, servant and/or employee of the Defendants, PRAIRIE MATERIAL SALES, INCORPORATED, a Corporation; SOUTHFIELD CORPORATION, a Corporation; SOUTHFIELD CORPORATION, a Corporation formerly known as PRAIRIE MATERIAL SALES, INC., and each of them, in the aforesaid City, County and State.

3.    That at said time and place, a collision occurred between the vehicle the Defendant, NABIL LOUDANI, was operating and the person of the Plaintiff's Decedent.

4.    That the Defendants, and each of them, were then and there guilty of one or more of the following careless and negligent acts and/or omissions:

        (a)    Failed to yield the right-of-way to a pedestrian crossing the roadway within a crosswalk, in violation of 625 ILCS 5/11-1003.

        (b)    Drove said vehicle at a speed which was greater than reasonable and proper, in violation of 625 ILCS 5/11-601.

        (c)    Drove said vehicle without brakes adequate to control its movement, and to stop and hold it, in violation of 625 ILCS 5/11-301.

        (d)    Failed to sound the horn on said vehicle so as to give warning to a pedestrian, in violation of 625 ILCS 5/11-1003.

        (e)    Failed to avoid colliding with a pedestrian, in violation of 625 ILCS 5/11-1003.

2

(f)    Failed to stop said vehicle in time to avoid said collision, although Defendant saw, or should have seen, that it was impending and had ample time and opportunity to avoid it.

(g)    Cut his turn too short thereby running over the person of the Plaintiff's Decedent.

5.    That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendants, and each of them, the Plaintiff's Decedent sustained severe and permanent injuries resulting in his death on January 18, 2008.

6.    That on January 18, 2008, and for some time prior thereto, there was in full force and effect in the state of Illinois a certain Act, commonly known as the Wrongful Death Act, 740 ILCS 180/1-2, inclusive, which provided in pertinent part as follows:

> Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured and although the death shall have been caused under such circumstances as amount in law to felon. (740 ILCS 180/1)

> Every such action shall be brought by and in the names of the personal representatives of such deceased person, and, except as otherwise hereinafter provided, the amount recovered in every such action shall be for the exclusive benefit of the surviving spouse and next of kin of such deceased person and in every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death, to the surviving spouse and next of kin of such deceased person. (740 ILCS 180/2)

7.    That on February 6, 2008, pursuant to Order of the Circuit Court of Cook County, Illinois, DIANE RUDNICK was duly appointed Special Administrator of the Estate of BRIAN RUDNICK, Deceased, for the purpose of prosecuting this action.

3

8. That BRIAN RUDNICK left surviving, the following: DIANE RUDNICK, his Wife; JACKSON RUDNICK, his Son and UNBORN BABY RUDNICK, being born posthumously in the year 2008, who were dependent upon BRIAN RUDNICK, Deceased, for their support, and as a consequence of the careless and negligent acts and/or omissions of the Defendants, and each of them, suffered injuries in their means of support.

9. That on and prior to January 18, 2008, DIANE RUDNICK was the lawfully wedded wife of BRIAN RUDNICK.

10. That BRIAN RUDNICK, Deceased, left surviving, DIANE RUDNICK, who, as a consequence of the careless and negligent acts and/or omissions of the Defendants, and each of them, suffered pecuniary injuries including but not limited to society, companionship and conjugal relationship and all other elements of loss of consortium.

11. That BRIAN RUDNICK, Deceased, left surviving, the following: JACKSON RUDNICK, his Son and UNBORN BABY RUDNICK, being born posthumously in the year 2008, who as a consequence of said careless and negligent acts and/or omissions of the Defendants, and each of them, suffered pecuniary injuries including but not limited to society, companionship, felicity, guidance, attention, advice, training, instruction and any and all other elements of loss of consortium.

WHEREFORE, the Plaintiff, DIANE RUDNICK, as Special Administrator of the Estate of BRIAN RUDNICK, Deceased, demands judgment against the Defendants, NABIL LOUDANI and PRAIRIE MATERIAL SALES, INCORPORATED, a Corporation; SOUTHFIELD CORPORATION, a Corporation; SOUTHFIELD CORPORATION, a Corporation formerly known as PRAIRIE MATERIAL SALES, INC., and each of them, in a dollar amount to satisfy

4

the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

## COUNT II

Now comes the Plaintiff, DIANE RUDNICK, as Special Administrator of the Estate of BRIAN RUDNICK, Deceased, by her attorneys, ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., and complaining of the Defendants, NABIL LOUDANI and PRAIRIE MATERIAL SALES, INCORPORATED, a Corporation; SOUTHFIELD CORPORATION, a Corporation; SOUTHFIELD CORPORATION, a Corporation formerly known as PRAIRIE MATERIAL SALES, INC., and each of them, alleges as follows:

1-4.    Plaintiff repeats and realleges, and incorporates by reference, Paragraphs One (1) through Four (4) of Count I as Paragraphs One (1) through Four (4) of Count II, as if fully set forth herein.

5.    That as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the Defendants, and each of them, BRIAN RUDNICK, Deceased, then and there sustained severe and permanent injuries, both externally and internally, resulting in conscious pain and suffering, both in mind and body, and was hindered and prevented from attending to his usual duties and affairs and lost the value of that time as aforementioned. BRIAN RUDNICK, Deceased, further expended and became liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries. All of the foregoing damages continued until the demise of BRIAN RUDNICK, on January 18, 2008.

6.    That on February 6, 2008, pursuant to Order of the Circuit Court of Cook County, Illinois, DIANE RUDNICK was duly appointed Special Administrator of the Estate of BRIAN RUDNICK, Deceased, for the purpose of prosecuting this action.

WHEREFORE, the Plaintiff, DIANE RUDNICK, as Special Administrator of the Estate of BRIAN RUDNICK, Deceased, demands judgment against the Defendants, NABIL LOUDANI and PRAIRIE MATERIAL SALES, INCORPORATED, a Corporation; SOUTHFIELD CORPORATION, a Corporation; SOUTHFIELD CORPORATION, a Corporation formerly known as PRAIRIE MATERIAL SALES, INC., and each of them, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

### COUNT III

Now comes the Plaintiff, DIANE RUDNICK, by her attorneys, ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., and complaining of the Defendants, NABIL LOUDANI and PRAIRIE MATERIAL SALES, INCORPORATED, a Corporation; SOUTHFIELD CORPORATION, a Corporation; SOUTHFIELD CORPORATION, a Corporation formerly known as PRAIRIE MATERIAL SALES, INC., and each of them, alleges as follows:

1.    That on and prior to January 18, 2008, DIANE RUDNICK was the lawfully wedded wife of BRIAN RUDNICK.

2-6    Plaintiff repeats and realleges, and incorporates by reference, Paragraphs One (1) through Five (5) of Count I as Paragraphs Two (2) through Six (6) of Count III, as if fully set forth herein.

6

7.    That as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff's husband then and there sustained severe and permanent injuries, both externally and internally, and was, and will be, hindered and prevented from attending to his usual duties and affairs.

8.    That as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff has been deprived, and is reasonably certain to be deprived in the future, of the society, companionship and conjugal relationship with her husband.

WHEREFORE, the Plaintiff, DIANE RUDNICK, demands judgment against the Defendants, NABIL LOUDANI and PRAIRIE MATERIAL SALES, INCORPORATED, a Corporation;    SOUTHFIELD    CORPORATION,    a    Corporation;    SOUTHFIELD CORPORATION, a Corporation formerly known as PRAIRIE MATERIAL SALES, INC., and each of them, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

_____
Attorneys for Plaintiff(s)

Daniel V. O'Connor
Telly C. Nakos
ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD.
161 North Clark Street - 21st Floor
Chicago, IL 60601
312/372-3822

14693/DVO/TCN/rf      Attorney ID#35244
1 31-08

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| DIANE RUDNICK, etc, | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PRAIRIE MATERIAL SALES, | ) | Case No. |
| INCORPORATED, a Corporation, et al, | ) | |
| Defendant(s). | ) | |

### AFFIDAVIT

I, Daniel V. O'Connor, being first duly sworn on oath, deposes and states that if I were called upon to testify, I would do so as follows:

1.    That I am an attorney at law licensed to practice in the State of Illinois.

2.    That I am a Partner with the law firm of ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., attorneys of record for the Plaintiff, Diane Rudnick.

3.    That based upon the information available to me at the present time, the total amount of money damages sought in this matter exceeds $50,000.00.

4.    That this Affidavit is submitted in compliance with Supreme Court Rule 222(b).

FURTHER, Affiant sayeth not.

_____
Daniel V. O'Connor

SUBSCRIBED AND SWORN TO
before me this ____ day
of _____ 2008.

_____
Notary Public

"OFFICIAL SEAL"
ROSEMARY ANN FLYNN
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 10/3/2009