14693/DVO/TCN/rf
7-10-08

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| DIANE RUDNICK, Individually and as Special Administrator of the Estate of BRIAN RUDNICK, Deceased, | ) ) ) ) | |
| Plaintiff(s), | ) ) | *Case No.* 08 C 1921 |
| v. | ) ) | |
| PRAIRIE MATERIAL SALES, INCORPORATED, a Corporation and NABIL LOUDANI, | ) ) ) ) | |
| Defendant(s). | ) | |

## SECOND AMENDED COMPLAINT AT LAW

### COUNT I

Now comes the Plaintiff, DIANE RUDNICK, as Special Administrator of the Estate of BRIAN RUDNICK, Deceased, by her attorneys, ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., and complaining of the Defendants, NABIL LOUDANI and PRAIRIE MATERIAL SALES, INCORPORATED, a Corporation, and each of them, alleges as follows:

1. That on January 18, 2008, Plaintiff's Decedent was a pedestrian in the roadway on Michigan Avenue at or near 14th Street, in the City of Chicago, County of Cook, and State of Illinois.

2. That on the aforesaid date, the Defendant, NABIL LOUDANI, was operating a motor vehicle and turning left out of a job site onto Michigan Avenue to go northbound onto Michigan Avenue, in the capacity of agent, servant and/or employee of the Defendant, PRAIRIE MATERIAL SALES, INCORPORATED, a Corporation, and owner of aforesaid motor vehicle, in the aforesaid City, County and State.

3. That at said time and place, a collision occurred between the vehicle the Defendant, NABIL LOUDANI, was operating and the person of the Plaintiff's Decedent.

4. That the Defendants, and each of them, were then and there guilty of one or more of the following careless and negligent acts and/or omissions:

(a) Failed to yield the right-of-way to a pedestrian crossing the roadway within a crosswalk, in violation of 625 ILCS 5/11-1003.

(b) Drove said vehicle at a speed which was greater than reasonable and proper, in violation of 625 ILCS 5/11-601.

(c) Drove said vehicle without brakes adequate to control its movement, and to stop and hold it, in violation of 625 ILCS 5/11-301.

(d) Failed to sound the horn on said vehicle so as to give warning to a pedestrian, in violation of 625 ILCS 5/11-1003.

(e) Failed to avoid colliding with a pedestrian, in violation of 625 ILCS 5/11-1003.

(f) Failed to stop said vehicle in time to avoid said collision, although Defendant saw, or should have seen, that it was impending and had ample time and opportunity to avoid it.

(g) Cut his turn too short thereby running over the person of the Plaintiff's Decedent.

5. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendants, and each of them, the Plaintiff's Decedent sustained severe and permanent injuries resulting in his death on January 18, 2008.

6. That on January 18, 2008, and for some time prior thereto, there was in full force and effect in the state of Illinois a certain Act, commonly known as the Wrongful Death Act, 740 ILCS 180/1-2, inclusive, which provided in pertinent part as follows:

> Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured and although the death shall have been caused under such circumstances as amount in law to felon. (740 ILCS 180/1)

> Every such action shall be brought by and in the names of the personal representatives of such deceased person, and, except as otherwise hereinafter provided, the amount recovered in every such action shall be for the exclusive benefit of the surviving spouse and next of kin of such deceased person and in every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death, to the surviving spouse and next of kin of such deceased person. (740 ILCS 180/2)

7. That on February 6, 2008, pursuant to Order of the Circuit Court of Cook County, Illinois, DIANE RUDNICK was duly appointed Special Administrator of the Estate of BRIAN RUDNICK, Deceased, for the purpose of prosecuting this action.

8. That BRIAN RUDNICK left surviving, the following: DIANE RUDNICK, his Wife; JACKSON RUDNICK, his Son and LILY RUDNICK, his Daughter, who were dependent upon BRIAN RUDNICK, Deceased, for

their support, and as a consequence of the careless and negligent acts and/or omissions of the Defendants, and each of them, suffered injuries in their means of support.

9. That on and prior to January 18, 2008, DIANE RUDNICK was the lawfully wedded wife of BRIAN RUDNICK.

10. That BRIAN RUDNICK, Deceased, left surviving, DIANE RUDNICK, who, as a consequence of the careless and negligent acts and/or omissions of the Defendants, and each of them, suffered pecuniary injuries including but not limited to society, companionship and conjugal relationship and all other elements of loss of consortium.

11. That BRIAN RUDNICK, Deceased, left surviving, the following: JACKSON RUDNICK, his Son and LILY RUDNICK, who as a consequence of said careless and negligent acts and/or omissions of the Defendants, and each of them, suffered pecuniary injuries including but not limited to society, companionship, felicity, guidance, attention, advice, training, instruction and any and all other elements of loss of consortium.

WHEREFORE, the Plaintiff, DIANE RUDNICK, as Special Administrator of the Estate of BRIAN RUDNICK, Deceased, demands judgment against the Defendants, NABIL LOUDANI and PRAIRIE MATERIAL SALES, INCORPORATED, a Corporation, and each of them, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

## COUNT II

Now comes the Plaintiff, DIANE RUDNICK, as Special Administrator of the Estate of BRIAN RUDNICK, Deceased, by her attorneys, ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., and complaining of the Defendants, NABIL LOUDANI and PRAIRIE MATERIAL SALES, INCORPORATED, a Corporation, and each of them, alleges as follows:

1-4.    Plaintiff repeats and realleges, and incorporates by reference, Paragraphs One (1) through Four (4) of Count I as Paragraphs One (1) through Four (4) of Count II, as if fully set forth herein.

5.    That as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the Defendants, and each of them, BRIAN RUDNICK, Deceased, then and there sustained severe and permanent injuries, both externally and internally, resulting in conscious pain and suffering, both in mind and body, and was hindered and prevented from attending to his usual duties and affairs and lost the value of that time as aforementioned. BRIAN RUDNICK, Deceased, further expended and became liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries. All of the foregoing damages continued until the demise of BRIAN RUDNICK, on January 18, 2008.

6.    That on February 6, 2008, pursuant to Order of the Circuit Court of Cook County, Illinois, DIANE RUDNICK was duly appointed Special Administrator of the Estate of BRIAN RUDNICK, Deceased, for the purpose of prosecuting this action.

WHEREFORE, the Plaintiff, DIANE RUDNICK, as Special Administrator of the Estate of BRIAN RUDNICK, Deceased, demands judgment against the Defendants, NABIL LOUDANI and PRAIRIE MATERIAL SALES, INCORPORATED, a Corporation, and each of

them, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

### **COUNT III**

Now comes the Plaintiff, DIANE RUDNICK, by her attorneys, ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., and complaining of the Defendants, NABIL LOUDANI and PRAIRIE MATERIAL SALES, INCORPORATED, a Corporation, and each of them, alleges as follows:

1.      That on and prior to January 18, 2008, DIANE RUDNICK was the lawfully wedded wife of BRIAN RUDNICK.

2-6     Plaintiff repeats and realleges, and incorporates by reference, Paragraphs One (1) through Five (5) of Count I as Paragraphs Two (2) through Six (6) of Count III, as if fully set forth herein.

7.      That as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff's husband then and there sustained severe and permanent injuries, both externally and internally, and was, and will be, hindered and prevented from attending to his usual duties and affairs.

8.      That as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff has been deprived, and is reasonably certain to be deprived in the future, of the society, companionship and conjugal relationship with her husband.

WHEREFORE, the Plaintiff, DIANE RUDNICK, demands judgment against the Defendants, NABIL LOUDANI and PRAIRIE MATERIAL SALES, INCORPORATED, a

Corporation, and each of them, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

　　/s/ Daniel V. O'Connor_____
　　　　　　　Attorneys for Plaintiff(s)

Daniel V. O'Connor
Telly C. Nakos
**ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD.**
161 North Clark Street - 21st Floor
Chicago, IL  60601
312/372-3822

14693/DVO/TNC/MN                                                              ARDC# 06209658

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| DIANE RUDNICK, Individually and as Special Administrator of the Estate of BRIAN RUDNICK, Deceased,<br>　　　　　　*Plaintiff(s),*<br>vs.<br><br>PRAIRIE MATERIAL SALES, INCORPORATED, a Corporation and NABIL LOUDANI,<br>　　　　　　*Defendants(s).* | Case No.  O8 C 1921 |

### NOTICE OF FILING AND CERTIFICATE OF SERVICE

TO:   Tia C. Ghattas, Esq., Kristin S. Yoo, Esq., Cozen O'Connor, 222 S. Riverside Plaza, Suite 1500, Chicago, Illinois  60606

　　　PLEASE TAKE NOTICE that on the July 24, 2008, we filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, the attached:

*PLAINTIFF'S SECOND AMENDED COMPLAINT AT LAW*

a copy of which is attached hereto and served upon you herewith.

　　　　　　　　　　　　　　　　　　　　　　　By:   /s/Daniel V. O'Connor
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff(s)

Daniel V. O'Connor
Telly C. Nakos
**ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD.**
161 North Clark Street - 21st Floor
Chicago, IL  60601
312/372-3822

### CERTIFICATE OF SERVICE VIA MAIL AND ELECTRONIC TRANSMISSION

　　　The undersigned, being first duly sworn on oath, deposes and states that on the July 24, 2008 s/he served the *FOREGOING NOTICE OF FILING AND CERTIFICATE OF SERVICE and DOCUMENT(S) LISTED THEREIN* electronically to all law firms of record via ECF and by mailing a copy to each party to whom it is directed by depositing the same in the U.S. Mail at 161 North Clark Street - 21st Floor, Chicago, Illinois, at 5:00 p.m. with proper postage prepaid and electronically to all law firms of record via ECF.

　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/Daniel V. O'Connor