IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIANE RUDNICK, Individually and as Special Administrator of the Estate of BRIAN RUDNICK, Deceased, <br><br>             Plaintiff(s), <br><br>     v. <br><br> PRAIRIE MATERIAL SALES, INCORPORATED, a Corporation and NABIL LOUDANI, <br><br>             Defendant(s). | Case No. 08 C 1921 <br><br> Judge Rebecca R. Pallmeyer <br><br> Magistrate Judge Nolan |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT AT LAW**

**COUNT I**

NOW COME, the Defendants, PRAIRIE MATERIAL SALES, INC., an Illinois Corporation, and NABIL LOUDANI, by and through their attorneys, Tia C. Ghattas and Kristin S. Yoo of COZEN O'CONNOR, and in answer to Plaintiff's Second Amended Complaint at Law, state as follows:

1.     That on January 18, 2008, Plaintiff's Decedent was a pedestrian in the roadway on Michigan Avenue at or near 14th Street, in the City of Chicago, County of Cook, and State of Illinois.

>    **ANSWER:**     Defendants admit only that Plaintiff's Decedent was in the roadway on Michigan Avenue at or near 14th Street. Defendants further answering state that they do not have sufficient knowledge as to Plaintiff Decedent's legal status as a "pedestrian."

2.     That on the aforesaid date, the Defendant, NABIL LOUDANI, was operating a motor vehicle and turning left out of a job site onto Michigan Avenue to go northbound onto Michigan Avenue, in the capacity of agent, servant and/or employee of the Defendant, PRAIRIE

MATERIAL SALES, INCORPORATED, a Corporation, and owner of the aforesaid motor vehicle, in the aforesaid City, County and State.

> **ANSWER:** Defendants admit generally that Defendant Loudani was operating a vehicle in his capacity as an employee of Prairie Material Sales, Inc. and that the vehicle was in the process of the exiting the job site onto northbound Michigan Avenue.

3. That at said time and place, a collision occurred between the vehicle the Defendant, NABIL LOUDANI, was operating and the person of the Plaintiff's Decedent.

> **ANSWER:** Defendants admit only that upon information and belief that Plaintiff's Decedent walked into the vehicle being operated by Defendant Loudani. Defendants deny the accuracy of Plaintiff's characterization of what occurred between Plaintiff's Decedent and the vehicle Defendant Loudani was driving as a "collision."

4. That the Defendants, and each of them, were then and there guilty of one or more of the following careless and negligent acts and/or omissions:

> a) Failed to yield the right-of-way to a pedestrian crossing the roadway within a crosswalk, in violation of 625 ILCS 5/11-1003.
>
> b) Drove said vehicle at a speed which was greater than reasonable and proper, in violation of 625 ILCS 5/11-601.
>
> c) Drove said vehicle without brakes adequate to control its movement, and to stop and hold it, in violation of 625 ILCS 5/11-301.
>
> d) Failed to sound the horn on said vehicle so as to give warning to a pedestrian, in violation of 625 ILCS 5/11-1003.
>
> e) Failed to avoid colliding with a pedestrian, in violation of 625 ILCS 5/11-1003.
>
> f) Failed to stop said vehicle in time to avoid said collision, although Defendant saw, or should have seen, that it was impending and had ample time and opportunity to avoid it.
>
> g) Cut his turn too short thereby running over, the person of the Plaintiff's Decedent.

    **ANSWER:**    Defendants deny the allegations contained in Paragraph 4 (a) through (g), inclusive.

5.    That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendants, and each of them, the Plaintiffs Decedent sustained severe and permanent injuries resulting in his death on January 18, 2008.

    **ANSWER:**    Defendants deny the allegations contained in Paragraph 5.

6.    That on January 18, 2008, and for some time prior thereto, there was in full force and effect in the state of Illinois a certain Act, commonly known as the Wrongful Death Act, 740 ILCS 180/1-2, inclusive, which provided in pertinent part as follows:

> Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if' death had ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or company or corporation which would have been liable if' death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured and although the death shall have been caused under such circumstances as amount in law to felon.. (740 ILCS 180/1)

> Every such action shall be brought by and in the names of the personal representatives of such deceased person, and, except as otherwise hereinafter provided, the amount recovered in every such action shall be for the exclusive benefit of the surviving spouse and next of kin of such deceased person and in every such action the jury may give such damages as they shall deem a fair, and just compensation with reference to the pecuniary injuries resulting from such death, to the surviving spouse and next of kin of such deceased person.. (740 ILCS 180/2)

    **ANSWER:**    Defendants admit that the Act commonly known as the Wrongful Death Act, 740 ILCS 180/1-2, inclusive, exists. Defendants further answering state that the Act speaks for itself.

7. That on February 6, 2008, pursuant to Order of the Circuit Court of Cook County, Illinois, DIANE RUDNICK was duly appointed Special Administrator- of the Estate of BRIAN RUDNICK, Deceased, for the purpose of prosecuting this action.

> **ANSWER:** Upon information and belief, Defendants admit the allegations contained in Paragraph 7.

8. That BRIAN RUDNICK left surviving, the following: DIANE RUDNICK, his Wife; JACKSON RUDNICK, his Son and LILY RUDNICK, his Daughter, who were dependent upon BRIAN RUDNICK, Deceased, for their support, and as a consequence of the careless and negligent acts and/or omissions of the Defendants, and each of them, suffered injuries in their means of support.

> **ANSWER:** Defendants do not have sufficient knowledge as to the truth of the statements relating to the identities of Plaintiff's Decedent's survivors, and therefore deny the same and demand strict proof thereof. Defendants further answering deny that Defendants were careless and/or negligent in any way as it relates to the death of Plaintiff's Decedent.

9. That on and prior to January 18, 2008, DIANE RUDNICK was the lawfully wedded wife of BRIAN RUDNICK.

> **ANSWER:** Defendants do not have sufficient knowledge as to the truth of the status of Brian Rudnick's marriage to Diane Rudnick, and therefore deny the same and demand strict proof thereof.

10. That BRIAN RUDNICK, Deceased, left surviving, DIANE RUDNICK, who, as a consequence of the careless and negligent acts and/or omissions of the Defendants, and each of them, suffered pecuniary injuries including but not limited to society, companionship and conjugal relationship and all other elements of loss of consortium.

> **ANSWER:** Defendants deny the allegations contained in Paragraph 10.

11. That BRIAN RUDNICK, Deceased, left surviving, the following: JACKSON RUDNICK, his Son and LILY RUDNICK, who as a consequence of said careless and negligent acts and/or omissions of the Defendants, and each of them, suffered pecuniary injuries including but not limited to society, companionship, felicity, guidance, attention, advice, training, instruction and any and all other elements of loss of consortium.

**ANSWER:**   Defendants deny the allegations contained in Paragraph 11.

WHEREFORE, the Defendants, PRAIRIE MATERIAL SALES, INC., an Illinois Corporation, and NABIL LOUDANI, deny that the Plaintiff is entitled to judgment in any amount whatsoever.

## COUNT II

1-4. Plaintiff repeats and realleges, and incorporates by reference, Paragraphs One (1) through Four (4) of Count I as Paragraphs One (1) through Four (4) of Count II, as if fully set forth herein.

**ANSWER:**   Defendants repeat, reassert, and incorporate by reference, their responses to the allegations contained in Paragraphs 1 through 4 of Count I as and for their answers to Paragraphs 1 through 4 of Count II, as if fully set forth herein.

5. That as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the Defendants, and each of them, BRIAN RUDNICK, Deceased, then and there sustained severe and permanent injuries, both externally and internally, resulting in conscious pain and suffering, both in mind and body, and was hindered and prevented from attending to his usual duties and affairs and lost the value of that time as aforementioned.  BRIAN RUDNICK, Deceased, further expended and became liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries.  All of the foregoing damages continued until the demise of BRIAN RUDNICK, on January 18, 2008.

>    **ANSWER:**    Defendants deny the allegations contained in Paragraph 5.

6.    That on February 6, 2008, pursuant to Order of the Circuit Court of Cook County, Illinois, DIANE RUDNICK was duly appointed Special Administrator of the Estate of BRIAN RUDNICK, Deceased, for the purpose of prosecuting this action.

>    **ANSWER:**    Upon information and belief, Defendants admit the allegations contained in Paragraph 6.

WHEREFORE, the Defendants, PRAIRIE MATERIAL SALES, INC., an Illinois Corporation, and NABIL LOUDANI, deny that the Plaintiff is entitled to judgment in any amount whatsoever.

## COUNT III

1.    That on and prior to January 18, 2008, DIANE RUDNICK was the lawfully wedded wife of BRIAN RUDNICK.

>    **ANSWER:**    Defendants do not have sufficient knowledge as to the truth of the status of Brian Rudnick's marriage to Diane Rudnick, and therefore deny the same and demand strict proof thereof.

2.-6.    Plaintiff repeats and realleges, and incorporates by reference, Paragraphs One (1) through Five (5) of Count I as Paragraphs Two (2) through Six (6) of Count III, as if fully set forth herein.

>    **ANSWER:**    Defendants repeat, reassert, and incorporate by reference, their responses to the allegations contained in Paragraphs 1 through 5 of Count I as and for its answers to Paragraphs 2 through 6 of Count III as if fully set forth herein.

7.    That as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiffs husband then and there sustained severe and permanent injuries, both externally and internally, and was, and will be, hindered and prevented from attending to his usual duties and affairs.

**ANSWER:**   Defendants deny the allegations contained in Paragraph 7.

8. That as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff has been deprived, and is reasonably certain to be deprived in the future, of the society, companionship and conjugal relationship with her husband.

**ANSWER:**   Defendants deny the allegations contained in Paragraph 8.

WHEREFORE, the Defendants, PRAIRIE MATERIAL SALES, INC., an Illinois Corporation, and NABIL LOUDANI, deny that the Plaintiff is entitled to judgment in any amount whatsoever.

## AFFIRMATIVE DEFENSES

As for their Affirmative Defenses to Plaintiff's Complaint, and without prejudice to the denials contained in the Answer, the Defendants, PRAIRIE MATERIAL SALES, INC., an Illinois Corporation, and NABIL LOUDANI, state as follows:

### FIRST AFFIRMATIVE DEFENSE

1. At the time and place of the alleged occurrence, Decedent, BRIAN RUDNICK, had a duty to exercise ordinary care for his own safety.

2. Decedent, BRIAN RUDNICK failed to exercise ordinary care for his own safety, and in doing so, was guilty of one or more of the following negligent acts or omissions, which proximately caused or contributed to cause his alleged injuries and damages.

3. Decedent, BRIAN RUDNICK committed the following acts and/or omissions constituting negligence:

   a. Failed to use due care and caution for his own safety;
   b. Failed to take the necessary safety precautions to prevent the injury;
   c. Failed to heed warnings regarding the alleged dangerous condition;
   d. Assumed the risk of injury from the alleged dangerous condition;

      e.      Failed to take proper action to avoid the open and obvious condition; and

      f.      Was otherwise careless, negligent and improper in his actions at the time and place in question.

4. That as a direct and proximate cause of one or more of the aforementioned careless and negligent acts of the Decedent, BRIAN RUDNICK, he was caused to suffer the injury, damage and/or loss as alleged in Plaintiff's Complaint.

WHEREFORE, the Defendants, PRAIRIE MATERIAL SALES, INC., an Illinois Corporation, and NABIL LOUDANI, pursuant to the Illinois Code of Civil Procedure, Section 2-1116, pray that the Plaintiff be barred from recovering any damages whatsoever for reason that the contributory fault attributable to Plaintiff's Decedent exceeds 50% of the proximate cause of the injury or damage for which recovery is sought, and further that judgment be entered in favor of the Defendants, PRAIRIE MATERIAL SALES, INC., an Illinois Corporation, and NABIL LOUDANI, and against the Plaintiff.

In the alternative, the prays that in the event judgment is entered against it and in favor of the Plaintiff, Defendants, PRAIRIE MATERIAL SALES, INC., an Illinois Corporation, and NABIL LOUDANI, liability for which they deny, and if the Decedent, BRIAN RUDNICK's contributory fault is found by the trier of fact not to exceed 50% of the proximate cause of the injury or damage for which recovery is sought, that such judgment be reduced in an amount proportionate to the percent of culpable conduct attributable to the Decedent, BRIAN RUDNICK and any other culpable parties.

## SECOND AFFIRMATIVE DEFENSE

1. The contributory fault of Defendants, PRAIRIE MATERIAL SALES, INC., an Illinois Corporation, and NABIL LOUDANI, if any, is less than twenty-five percent (25%) of the total fault attributable to Decedent, BRIAN RUDNICK, other defendants sued by Plaintiff

8

and third party defendants that could have been sued by Plaintiff.

2. Accordingly, pursuant to 735 ILCS 5/2-1117, in the event that Defendants, PRAIRIE MATERIAL SALES, INC., an Illinois Corporation, and NABIL LOUDANI, are found to be liable to Plaintiff, which liability is denied, Defendants are severally liable only for their own portion of the total fault, and any damages allowed in favor of Plaintiffs and against Defendants shall be diminished in proportion to the amount of fault attributable to Decedent, BRIAN RUDNICK, other defendants sued by Plaintiff and third party defendants who could have been sued by Plaintiff; and that Defendant be awarded their costs and such other relief as the Court may deem to be just and proper in the premises.

### THIRD AFFIRMATIVE DEFENSE

1. To the extent that Decedent, BRIAN RUDNICK's death or damage as alleged in the Complaint, which is denied, said death or damage was caused or contributed to by the negligent, reckless, wanton, willful, intentional or other legal responsibility of certain tortfeasors, being persons and/or entities, other than Defendants, PRAIRIE MATERIAL SALES, INC., an Illinois Corporation, and NABIL LOUDANI, over whom Defendants had no control or responsibility in law and/or fact.

2. Accordingly, in the event Defendants are found liable to Plaintiff, which liability is denied, then Defendants shall be entitled to indemnification, contribution or apportionment in accordance with the Joint Tortfeasor Contribution Act, 740 ILCS 100/0 .01 et seq.

WHEREFORE, Defendants, PRAIRIE MATERIAL SALES, INC., an Illinois Corporation, and NABIL LOUDANI, respectfully pray that this Court enter an order that in event that Defendant is found liable for damage to Plaintiff, Defendant shall be entitled to indemnification, contribution or apportionment in accordance with the Joint Tortfeasor

Contribution Act, 740 ILCS 100/0.01 et seq.

## FOURTH AFFIRMATIVE DEFENSE

1.      Any amount paid by any third person or corporation because of any damage, loss or expense, or injury to Plaintiff should be offset and/or credited against any judgment that might be rendered in favor of Plaintiff and against Defendants as partial satisfaction of Plaintiff's damages.

WHEREFORE, Defendants, PRAIRIE MATERIAL SALES, INC., an Illinois Corporation, and NABIL LOUDANI, respectfully pray that any judgment in favor of Plaintiff be reduced in proportion to any amount paid by a third person or corporation as a result of the occurrence alleged in Plaintiff's Complaint, and that Defendants be awarded their costs and such other relief as the Court may deem to be just and proper in the premises.

Respectfully submitted,

COZEN O'CONNOR

Dated: August 5, 2008                By:    s/Kristin S. Yoo
                                            One of the Attorneys for Defendants

Tia C. Ghattas (ARDC No. 6269818; tghattas@cozen.com)
Kristin S. Yoo, (ARDC No. 6279521; kyoo@cozen.com)
COZEN O'CONNOR
222 S. Riverside Plaza, Suite 1500
Chicago, Illinois  60606
(312) 382-3100

## PROOF OF SERVICE

Under penalties as provided by law, the undersigned certifies that the foregoing document available for was served on counsel of record by electronic filing this 5th day of August, 2008, and the same is viewing by downloading on the Court's ECF system.

s/Kristin S. Yoo

CHICAGO\643099\1  219883.000